IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICHOLAS F. MOODY,              ) | |
|                                 ) | |
|     Petitioner,     ) | |
|                                 ) | |
| v.                              ) | Case No. CIV-05-1380-M |
|                                 ) | |
| OKLAHOMA CO. SHERIFF'S OFFICE   ) | |
| and THE ATTORNEY GENERAL        ) | |
| OF THE STATE OF OKLAHOMA,       ) | |
|                                 ) | |
|     Respondents.    ) | |

## **REPORT AND RECOMMENDATION**

The Petitioner, Mr. Nicholas F. Moody, is a state inmate who seeks a writ of habeas corpus. The undersigned recommends[1] summary dismissal of the petition.

I. <u>Background</u>

On November 4, 1999, Mr. Moody was convicted and sentenced on criminal charges pursuant to a guilty plea. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 1 (file-stamped Nov. 23, 2005) ("Petition"). He challenges the conviction through a habeas petition filed on November 11, 2005.[2]

---

[1] The action has been referred to the undersigned for findings and recommendations. Order (Nov. 28, 2005); *see* 28 U.S.C. § 636(b)(1)(B) (2000).

[2] The Court Clerk file-stamped the document on November 23, 2005. *See* Petition at p. 1. However, the petition was considered "filed" when it was deposited in the prison mail system. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a notice of appeal is deemed "filed" when the prisoner delivers the document "to prison authorities for forwarding to the district court"). Mr. Moody certified that he had deposited the petition in the prison mail system on November 11, 2005. Petition at p. 15.

II. The Period of Limitations

Under federal law, a one-year period of limitations exists for the initiation of federal habeas actions. *See* 28 U.S.C. § 2244(d)(1) (2000). This period begins to run from "the latest of" four dates. The pertinent date here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2000).

III. Applicability of 28 U.S.C. § 2244(d)(1)(A)

As noted above, the Petitioner was convicted and sentenced on November 4, 1999, pursuant to a guilty plea. *See supra* p. 1. Mr. Moody had ten days in which to file a motion to withdraw the plea. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals ("to appeal from any conviction on a plea of guilty . . . , the defendant must have filed . . . an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence"). He did not do so, and the conviction became "final" on November 15, 1999.[3] *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (holding that for purposes of the limitations period under 28 U.S.C. § 2244(d), an Oklahoma conviction following a guilty plea became final ten days after entry of the judgment and sentence). Thus, in the absence of tolling, the limitations period would have expired on November 15, 2000. *See* 28 U.S.C. § 2244(d)(1)(A) (2000).

---

[3] The tenth day, November 14, 1999, fell on a Sunday. Mr. Moody automatically obtained an additional day to seek withdrawal of the plea. *See* Rule 1.5, Rules of the Oklahoma Court of Criminal Appeals.

IV.  Statutory Tolling

Under certain circumstances, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") authorizes tolling of the limitations period.  *See* 28 U.S.C. § 2244(d)(2) (2000).  These circumstances are not present here.

V.  Equitable Tolling

Equitable tolling is unavailable.

The limitations period is subject to equitable tolling "'in rare and exceptional circumstances.'"  *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).  Equitable tolling is unwarranted in the present action.

First, Mr. Moody claims that he discovered the violations only recently when he obtained access to the state courts' network.  Petition at p. 14.  The Petitioner does not explain the reasons for his failure to discover the alleged violations earlier.  The bare allegation of a recent discovery does not justify equitable tolling.  *See Szczygiel v. Nelson*, 43 Fed. Appx. 179, 181 (10th Cir. Apr. 25, 2002) (unpublished op.) (equitable tolling was not justified when a habeas petitioner alleged late discovery of materials from the prosecution files).

Second, Mr. Moody alleges a lack of legal knowledge and the absence of legal assistance.  Petition at p. 14.  These allegations do not support equitable tolling.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (equitable tolling is not justified by the prisoner's ignorance of the law or reliance on an inmate law clerk); *Gibson v. Klinger*, 232

F.3d 799, 808 (10th Cir. 2000) (alleged lack of access to the AEDPA does not justify equitable tolling).[4]

VI. Summary

The limitations period expired on November 15, 2000, and Mr. Moody is not entitled to statutory or equitable tolling. Because the Petitioner did not initiate the action until November 11, 2005, the Court should summarily dismiss the action as time-barred.

VII. Notice of Right to Object

Mr. Moody may file a written objection to this report and recommendation. For an objection to be considered, it must be filed with the Clerk of the United States District Court by January 3, 2006. *See* 28 U.S.C.A. § 636(b)(1) (2000); W.D. Okla. LCvR 72.1(a). If Mr. Moody does not file a timely objection, he would waive appellate review of the recommended dismissal. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

VIII. Status of the Referral

The referral is terminated.

Entered this 14th day of December, 2005.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[4] Mr. Moody adds that he was unable to obtain forms for state court. Petition at p. 14. But this allegation would not explain the delay of almost five years in the filing of a federal action.